**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**MELISSA FARRIS**

**Defendant.**

**Case: 1:26-cr-00205 (TNM)**

**MOTION TO APPEAR BY VIDEO OR IN THE ALTERNATIVE, MOTION FOR PAYMENT OF TRANSPORTATION EXPENSES PURSUANT TO 18 U.S.C. § 4285 AND CONTINUE ARRAIGNMENT, OR IN THE ALTERNATIVE, MOTION TO CONTINUE ARRAIGNMENT**

Melissa Farris, the defendant, by and through counsel, respectfully moves this Court to: 1) permit her to appear at the arraignment and initial status hearing, currently scheduled for September 3, 2026, virtually; or in the alternative; 2) continue the initial arraignment and initial status hearing for approximately fourteen days **and** enter the attached proposed order, directing the United States Marshals Service to make travel arrangements for Ms. Farris from her home near Toledo, Ohio to Washington, D.C., for the hearing before this Court; or in the alternative, 3) continue the arraignment and initial status hearing for approximately twenty-one days in order to permit Ms. Farris sufficient time to raise money for her to get to Washington D.C. by her own means. In support of this motion, counsel submits the following.

**BACKGROUND**

On August 14, 2026, Ms. Farris was charged in a criminal complaint with willfully injuring or committing a depredation against government property, in violation of 18 U.S.C. §1361 and destruction of a veteran memorial, in violation of 18 U.S.C. §1369, based on conduct that is alleged to occur during an August 13, 2026 incident.

On August 13, 2026, yellow and red paint was discovered on a portion of the World War II Memorial. In addition, the fountain connected to the Memorial had bubbles inside of it. According to news reports, access to the Memorial was closed late that evening but "by early the following morning, the memorial was cleared of bubbles and graffiti and opened to the public." *World War II Memorial in DC Cleaned, reopened 1 day after it was vandalized; suspect in custody*, Stars and Stripes, https://www.stripes.com/theaters/us/2026-08-14/wwii-memorial-cleaned-suspect-in-custody-vandalized-22550997.html.

A complaint was sworn and an arrest warrant was signed on August 14, 2026. The same day, Ms. Farris self-surrendered in the Eastern District of Virginia and appeared for a Rule 5 hearing. She was determined to be indigent and was held pending an initial appearance in this Court on August 17, 2026. On August 17, 2026, the government's request for detention was denied by Magistrate Judge Matthew Sharbaugh who determined that the government had not met the threshold required to hold a detention hearing because there was no showing that Ms. Farris was a risk of flight, much less a serious risk of flight. The government's motion for stay pending appeal was denied. The government moved the Court to reconsider on August 18, 2026 and that motion was promptly denied. Ultimately, the government did not file an appeal.

After Ms. Farris was released, she returned to Ohio and checked in with Pretrial Services at the Northern District of Ohio as she was required to do. She has not had any violations of her conditions of release.

On August 27, 2026, a grand jury indicted Ms. Farris on the same two counts charged in the complaint. On August 28, 2026, the Court set an arraignment date and initial status hearing for September 3, 2026 at 1030 am.

Ms. Farris is without employment and lives in a mobile makeshift residential structure outside of Toledo, Ohio. She does not have an active driver's license.

**Argument**

I. Ms. Farris should be permitted to appear by video.

Ms. Farris has been determined by the Magistrate Court to be indigent and currently resides outside of Toledo, Ohio, approximately 474 miles from Washington D.C. Repeated in-person appearances would create an additional and substantial financial hardship for her.

Federal Rule of Criminal Procedure 10 (c) permits arraignments by video if the defendant consents. Ms. Farris consents to an arraignment by video. She will be prepared to do so on the record, if permitted to do so.

II. The Court should Order the Marshals Service to provide Ms. Farris transport and continue the next hearing to permit sufficient time for arrangement of transport

Alternatively, the Court can have the Marshals Service provide transportation, by payment of a bus ticket to transport her to the District.

Title 18, United States Code, Section 4285 provides that his Court may:

> direct the United States marshal to arrange for [an indigent defendant's] means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code.

When Ms. Farris was arrested for this offense, she was without income and she continues to remain without pay. Prior to the nights leading up to her arrest, she was reportedly sleeping outdoors in parks, qualifying her for payment under §4285.

It has been counsel's experience that the Marshals Service takes approximately fourteen days to fulfill requests made under 18 U.S.C. §4285. The defense also thus requests a short continuance.

III. In the alternative, Ms. Farris requests a short continuance if the Court denies her other requests.

Ms. Farris is without substantial disposable income and would need to raise funds in order to return to Washington D.C. She does not have sufficient time to do so by September 3, 2026, six days from the Notice of Hearing.[1] The defense thus requests at least fourteen days so that she has sufficient time to obtain enough money for a roundtrip bus ticket to Washington D.C.

The government opposes the relief requested in this Motion because the government believes that Ms. Farris "should physically appear in court at the scheduled time, which is nearly a week away" because she had said that she would appear in court. The government opposes all of the alternatives proposed as well.

## CONCLUSION

For the foregoing reasons, and for any other reasons set forth at a hearing on this motion or in supplemental pleadings, and that this Court may deem just and proper, Ms. Farris respectfully requests that the Court grant this motion, or one of its alternatives if the Court declines to grant the motion.

---

[1] Although a preliminary hearing was set for September 3, 2026, counsel had advised Ms. Farris that the vast majority of case in District Court were indicted prior to the preliminary hearing and that those hearing dates were almost always vacated.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER
/s/
Eugene Ohm
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500